**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Ivchenko, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Kyle David Grant, et al.,<br><br>    Defendants. | No. CV-20-00674-PHX-MTL<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion to Proceed Anonymously (Doc. 1-1 at 133-145); Plaintiffs' Motion to Dismiss Without Prejudice and Stay Proceedings (Doc. 14); and Defendants' Motion to Consolidate Cases (Doc. 20). The motions are fully briefed. (Doc. 1-1 at 133-145); (Doc. 1-1 at 165-182); (Doc. 7); (Doc. 14); (Doc. 15); (Doc. 19); (Doc. 20); (Doc. 21); (Doc. 23). For reasons that follow Plaintiffs' Motion to Dismiss is granted. Plaintiffs' Motion to Proceed Anonymously and Defendants' Motion to Consolidate Cases are denied as moot.

**I.     BACKGROUND**

This action arises out of Defendants' alleged publication of Plaintiffs' booking photographs ("mugshots") online. The named Plaintiff, Renee Ivchenko, first sued Defendants in a different case regarding the publication of her mugshot. (*See* Doc. 1-1 at 62.) That action, filed in Maricopa County Superior Court on May 9, 2019, alleged a violation of the right of publicity, invasion of privacy, defamation, and intentional infliction of emotional distress. (*Id.*) Defendants removed that case to the District Court on May 29,

2019, and Mrs. Ivchenko filed a notice of voluntary dismissal two days later. (*See* Doc. 1-1 at 75, 82.)

On December 17, 2019, Mrs. Ivchenko initiated another lawsuit against Defendants in Maricopa County Superior Court, raising identical claims. (Doc. 1-1 at 2-22.) Defendants answered the complaint and thereafter moved for summary judgment. (Doc. 1-1 at 30, 85.) On February 27, 2020, Mrs. Ivchenko filed an amended complaint, adding twenty anonymous new plaintiffs ("Doe Plaintiffs") and alleging violations of A.R.S. § 44-7902 (the "Arizona Mugshot Act"). (Doc. 1-1 at 103-131.) Defendants filed an answer to the amended complaint (Doc. 1-1 at 181) and removed the action to this Court on April 3, 2020. (Doc. 1.)

Meanwhile, in Maricopa County Superior Court, different plaintiffs sued Defendants under the Arizona Mugshot Act, too. *See* Notice of Removal, *Doe I et al v. Grant*, No. 2:20-cv-01142-SMB (D. Ariz. May 9, 2020), ECF No. 1. Defendants removed that action to this Court on June 9, 2020, and it is proceeding before another Judge in this District. *Id*.

On May 19, 2020, before Defendants removed the other action against them, Plaintiffs moved to voluntarily dismiss this case without prejudice because many of the Plaintiffs in this case were planning to join the other action. (Doc. 14 at 3.) Plaintiffs also sought to stay this case, pending the Court's decision on the Motion to Dismiss. (*Id*. at 1.) Defendants do not object to dismissal without prejudice of the Doe Plaintiffs' claims. They argue, however, that the Court should dismiss Mrs. Ivchenko's claims *with* prejudice and order that she pay $21,860 in attorney's fees. (Doc. 15 at 1.) On June 10, 2020, Defendants filed a Motion to Consolidate this case with *Doe I et al v. Grant*, No. 2:20-cv-01142-SMB. (Doc. 20.)

The Court will grant Plaintiffs' Motion to Dismiss, except that dismissal of Mrs. Ivchenko's claims shall be with prejudice. The Court declines to award attorney's fees to Defendants. The remaining motions are denied as moot.

## II. LEGAL STANDARDS

Once the defendant files an answer or motion for summary judgment, the plaintiff may no longer voluntarily dismiss the case without a court order. Fed. R. Civ. P. 41(a)(1), (a)(2). Instead, the plaintiff must obtain court approval for the dismissal by filing a motion pursuant to Rule 41(a)(2), which provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." In determining whether to allow dismissal under Rule 41(a)(2), the Court must consider whether doing so will unfairly affect the defendant. Generally, dismissal pursuant to Rule 41(a)(2) should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id*. (internal quotation marks omitted).

If the Court grants a plaintiff's motion to dismiss under Rule 41(a)(2), the Court must also determine whether dismissal should be with or without prejudice. Fed. R. Civ. P. 41(a)(2). Dismissal with prejudice may be appropriate where it would be inequitable or prejudicial to allow plaintiff to refile the action. *See Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (citations and quotations omitted). The Court may also consider the following factors when determining whether dismissal with prejudice is appropriate: (1) the defendants' effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take dismissal. *Id*.

In determining whether to award costs after a voluntary dismissal, courts generally consider the duplicative expense of future litigation, the effort and expense incurred by a defendant in preparing for trial, the extent to which litigation has progressed, and the plaintiff's diligence in moving to dismiss. *See Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 494 (9th Cir. 2017) (assessing costs after voluntary dismissal without prejudice).

### III. ANALYSIS

Because Defendants do not object to the Doe Plaintiffs' motion for voluntary dismissal without prejudice, the Doe Plaintiffs' Motion to Dismiss without prejudice is granted. The Court agrees with Defendants, however, that dismissal of Mrs. Ivchenko's claims with prejudice is appropriate. Mrs. Ivchenko acknowledges that any subsequent attempt to refile her claims would be time barred. (Doc. 19 at 4.) Mrs. Ivchenko further states that she has no intent to participate in further litigation against Defendants. (*Id*. at 6.) The Court is also mindful that this is the second time Mrs. Ivchenko has moved to voluntarily dismiss her claims against Defendants and that the instant Motion was filed after the complaint had been substantially amended. Allowing Mrs. Ivchenko to refile her claims a third time, under these circumstances, would be inequitable to Defendants. Mrs. Ivchenko's claims against Defendants are therefore dismissed with prejudice.

Turning now to Defendant's request for attorney's fees, the Court finds that there are no exceptional circumstances to justify an award of costs and fees. There is no risk of future litigation because Mrs. Ivchenko's claims have been dismissed with prejudice and cannot be reasserted in another suit. Defendants' efforts in this case will be relevant and useful in the other pending action. And Plaintiffs moved to dismiss this action shortly after the related state court action was filed. Accordingly, Plaintiffs did not fail to exercise diligence in filing the Motion to Dismiss. It is therefore ordered denying Defendants' request for Mrs. Ivchenko to pay $21,860 in attorney's fees.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** the Doe Plaintiffs' Motion to Dismiss without prejudice (part of Doc. 14).

**IT IS FURTHER ORDERED granting** Plaintiff Ivchenko's Motion to Dismiss (part of Doc 14) with prejudice.

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion to Stay Proceedings (part of Doc. 14) as moot.

1 **IT IS FURTHER ORDERED denying** Defendants' request for attorney's fees (part of Doc. 15).

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion to Proceed Anonymously (Doc. 1-1 at 133-145) as moot.

**IT IS FURTHER ORDERED denying** Defendants' Motion to Consolidate Cases (Doc. 20) as moot.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to terminate this case.

Dated this 26th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge